IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN KIENTZ,

        Plaintiff,

vs.                                Case No. 17-4067-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security that plaintiff's civil service pension was not based wholly on service as a member of a uniformed service. Therefore, the Commissioner concluded that the Windfall Elimination Provision (WEP) was properly applied to the claimant's Social Security Retirement Insurance Benefits.

**I. Social Security Act and Windfall Elimination Provision (WEP)**

From 1978 through 2007, plaintiff worked for the Kansas Army National Guard as a dual-status National Guard technician (R. at 13). The issue before the court is the impact of that work history in determining plaintiff's Social Security retirement benefits.

The Social Security Act does not distribute social security benefits as a flat percentage of a recipient's earnings. Instead, it adjusts benefits payouts so that individuals with lower "average indexed monthly earnings" are entitled to a greater percentage of those earnings than those with higher earnings. This allows low-income workers to receive a higher return on their Social Security contributions than higher-income workers. <u>Martin v. Social Security Administration, Commissioner</u>, ___ F.3d ___, 2018 WL 4262456 at *1 (11th Cir. Sept. 7, 2018).

Further, not all employment is subject to Social Security contributions. The statutory scheme distinguishes between "covered" and "noncovered" employment. Covered employment is subject to Social Security taxes, and associated retirement benefits are calculated to account for average indexed monthly earnings in the manner described above. Noncovered employment is exempt from Social Security taxes, but many noncovered positions include a separate annuity or pension. <u>Id</u>., 2018 WL 4262456 at *1.

These elements of the Social Security plan mean that a person who worked in both covered and noncovered employment might doubly benefit. Such a person might receive a pension or annuity from a noncovered employer while simultaneously receiving higher than warranted Social Security benefits since

the percentage of average indexed monthly earnings to distribute would be calculated only on the basis of any income from covered employment. Id., 2018 WL 4262456 at *1.

The Act's windfall elimination provision (WEP) helps eliminate the potential for double-dipping. It modifies the default formula to account for an individual who receives monthly payment "based in whole or in part upon his or her earnings" for noncovered work. Such an individual will receive a smaller percentage of average indexed monthly earnings than he or she would receive under the standard formula. Id., 2018 WL 4262456 at *2.

However, there are some exceptions to the WEP. Relevant in this case is 42 U.S.C. § 415(a)(7)(A)(iii), which makes an exception for any "payment based wholly on service as a member of a uniformed service," also known as the uniformed services exception. Members of a uniformed service includes members of the Army National Guard. Id., 2018 WL 4262456 at *2.

The issue before the court is how this statutory scheme applies to someone, such as the plaintiff in this case, who served as a National Guard dual status technician. A dual status technician is assigned to a civilian position as a technician, and is consistently referred to as a civilian employee. Id., 2018 WL 4262456 at *2.

**II. Is the calculation of plaintiff's Social Security retirement subject to the WEP?**

As noted above, plaintiff had dual status as an Army National Guard technician from August 1978 through August 2007 (R. at 13). Plaintiff's work as an Army National Guard technician under the CSRS retirement system was work that never required plaintiff to pay into Social Security (R. at 13). The only question before the court is whether plaintiff's civil service pension (OPM), which is primarily based on his work as an Army National Guard technician under the CSRS retirement system, is subject to the WEP.[1]

In deciding this case, this court is adopting the opinion and analysis contained in <u>Martin v. Social Security Administration, Commissioner</u>, ___ F.3d ___, 2018 WL 4262456 (11th Cir. Sept. 7, 2018). As noted above, an exception to the WEP includes "a payment based wholly on service as a member of a uniformed service." As the court found in <u>Martin</u>, plaintiff's work as a dual status technician was distinct from his National Guard service in important ways. Congress consistently refers to dual status technician employment as a civilian position. In the <u>Martin</u> case, the plaintiff acknowledged that he performed his technician work during the work week for federal civil

---

[1] Plaintiff is also receiving a pension paid by the Defense Finance and Accounting Service for his work in the Kansas Army National Guard (Plaintiff's brief at 6); there is no dispute that those payments are not subject to the WEP.

4

service pay, and took up his military position on the weekends for military pay. Even the use of the term "dual status" suggests that dual status technicians are employed not just in their capacity as members of the National Guard. Id., 2018 WL 4262456 at *9.

The critical issue is how the word "wholly" interacts with the nature of the dual status technician position. The court agrees with the 11th Circuit in Martin that, by its plain meaning, "wholly" limits the payments covered by the uniformed services exception. Even if dual status technician employment is essentially military, it is not subject to the uniformed services exception if it is not "wholly" military in nature. Id., 2018 WL 4262456 at *9.

The legislative history does not show that Congress intended to exclude dual status technicians from the WEP. Furthermore, Congress consistently emphasized that part of even a dual status technician's work would be civilian employment. Id., 2018 WL 4262456 at *11. The plaintiff in the case before this court, as was true with the plaintiff in Martin, did not perform his dual status technician employment wholly as a member of the uniformed services. As a result, payments based on that employment do not qualify for the exception.

The court would note that in the case of Petersen v. Astrue, 633 F.3d 633 (8th Cir. 2011), the court held that a dual

5

status technician performed his work as a member of the National Guard, and therefore the plaintiff's social security benefits is not subject to the WEP.  The court in Petersen emphasized that Petersen was required to maintain his membership in the National Guard and was required to wear his uniform.  633 F.3d at 637.  However, this court agrees with the court's analysis in Martin that given the dual nature of the role and the civilian elements discussed above, this court does not agree that the employment is performed wholly as a member of a uniformed service.  This court holds that the uniformed services exception does not apply in plaintiff's case.  Id., 2018 WL 4262456 at *11.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed.

Dated this 21st day of September 2018, Topeka, Kansas.


                                s/Sam A. Crow
                                Sam A. Crow, U.S. District Senior Judge